UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| The Griffith Company, Inc., | : |
| Plaintiff, | : Civil Action No.: 3:15-cv-519 |
| v. | : |
| National Auditing Services & Consulting.; and DOES 1-10, inclusive, | : COMPLAINT |
| Defendants. | : April 9, 2015 |

For this Complaint, the Plaintiff, The Griffith Company, Inc., by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3. Plaintiff, The Griffith Company, Inc., (hereafter "Plaintiff"), is a Connecticut business entity with its primary place of business in Bridgeport, Connecticut, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

4. Defendant, National Auditing Services & Consulting ("National"), is a Connecticut business entity with an address of 65 High Ridge Road, #253, Stamford, Connecticut 06905, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

5. Does 1-10 (the "Agents") are individual Agents employed by National and whose identities are currently unknown to Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

6. National at all times acted by and through one or more of the Agents.

## FACTS

7. In or around August 11, 2014, National sent an unsolicited advertisement to Plaintiff's telephone facsimile machine. A copy of the advertisement is attached hereto as <u>Exhibit A</u>.

8. Plaintiff also received, via facsimile machine, a document entitled "Letter of Reference," wherein a third party supposedly recommended National's services to Plaintiff. On information and belief, this facsimile was sent by or on behalf of National. A copy of the facsimile is attached hereto as <u>Exhibit B</u>.

9. The TCPA was enacted by Congress to address problems of abusive telemarketing, including preventing the transmission of junk faxes. Congress recognized that unsolicited faxes often impose unwanted burdens on the called party, including costs of paper and ink and making fax machines unavailable for legitimate business messages. To help ease these intrusions, Congress made it unlawful to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine except in certain limited situations.

10. Specifically, 47 U.S.C. § 227(b)(1)(C) prohibits the use of any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine, unless there is an established

business relationship.  An unsolicited advertisement is defined by 47 U.S.C. § 227(a)(5) as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise."

11. In addition, even when there is an established business relationship, a facsimile advertisement must provide information on the fax that allows recipients to "opt-out" of future faxes and state that failure to comply with a valid opt-out request within 30 days is unlawful.

12. Plaintiff never provided prior express permission to National to send advertisements to its telephone facsimile machine.

13. Plaintiff had no established business relationship with National at the time National sent the unsolicited advertisement.

14. Additionally, the neither fax contains a valid opt-out notice as required by 47 C.F.R. § 64.1200(a)(4)(iii)(B).

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, *et seq.*

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. Defendants sent Plaintiff unsolicited facsimile advertisements in violation of 47 U.S.C. § 227(b)(1)(C).

17. Defendants sent Plaintiff unsolicited facsimile advertisements that did not provide the complete opt-out notices required by 47 C.F.R. § 64.1200(a)(4)(iii).

18. Each of the aforementioned facsimile transmissions by Defendants constitutes multiple violations of the TCPA.

19. Plaintiff is entitled to an award of $500.00 in statutory damages for each violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B), and treble damages for knowing and/or willful violations of the statute.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

1. Statutory damages of $500.00 for each violation pursuant to 47 U.S.C. § 227(b)(3)(B);
2. Treble damages for each violation determined to be knowing and/or willful pursuant to 47 U.S.C. § 227(b)(3)(C); and
3. Such other and further relief as may be just and proper.
4. TRIAL BY JURY DEMANDED ON ALL COUNTS

**Dated: April 9, 2015**

Respectfully submitted,

By  /s/ Sergei Lemberg

Sergei Lemberg, Esq.
LEMBERG LAW, LLC
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:   (203) 653-3424
Attorney for Plaintiff